IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| KEITH E. TOWE and TAMARAH L. TOWE, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 160241N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appeal Defendant's Notice of Refund Offset (Notice), dated March 28, 2016, notifying Plaintiffs that their 2015 personal income tax refund was offset to pay a debt to the U.S. Department of Education. (Compl at 3.) Defendant filed its Motion for Summary Judgment (Motion) on July 5, 2016. During the case management conference, held on July 21, 2016, the parties agreed to submit this matter to the court on written briefings. Plaintiffs filed their response to Defendant's Motion (Response) on August 11, 2016. Defendant filed its Reply to Plaintiff's Response (Reply) on August 15, 2016. This matter is now ready for decision.

## I. STATEMENT OF FACTS

For the 2015 tax year, Plaintiffs Keith Towe (Keith) and Tamarah Towe (Tamarah)[2] filed a joint Oregon personal income tax return. (*See* Def's Mot at 2, (citing Cridge Decl at 1, ¶3: Ex B).) Their 2015 Oregon income tax return claimed refund of $854. (*See Id.*; *see also* Compl at 2.) Defendant did not audit or adjust Plaintiffs' 2015 Oregon income tax return. (Def's Mot at

---

[1] This Final Decision incorporates without change the court's Decision, entered January 30, 2017. Plaintiffs requested costs and disbursements, in the amount of the $252 filing fee, in their Complaint. *See* Tax Court Rule–Magistrate Division (TCR-MD) 16 C(1). The court did not receive an objection to that request within 14 days after its Decision was entered. *See* TCR-MD 16 C(2).

[2] Although it is customary to refer to parties by their surnames, this Decision references each Plaintiff by first name to avoid confusion.

2, (citing Cridge Decl at 1, ¶4).) On March 28, 2016, Defendant issued a Notice to Plaintiffs stating the refund was used to pay a debt to the U.S. Department of Education. (Compl at 3-4; Def's Ex B.) Under the heading "How to request your share of a joint refund," the Notice stated in part,

> "If you are not responsible for the accounts listed in this notice because they are not your debt, you have 30 days to ask the Department of Revenue to divide the refund. We cannot divide your refund if the refund was used to pay a Writ or Notice of Garnishment, a Bankruptcy Levy, an Internal Revenue Service Levy, or a Federal Debt."

(*Id.*) The Notice further stated that, even if the taxpayer did not ask Defendant to divide the refund within 30 days, the taxpayer could still appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of the Notice. (*Id.*) Plaintiffs filed their Complaint in the Magistrate Division on June 16, 2016, requesting that Keith receive his separate 2015 Oregon income tax refund.

Plaintiffs maintain that Keith is entitled to 100 percent of the 2015 Oregon income tax refund claimed on their joint return because "[a]ll income on 2015 Tax Return was that of Keith E. Towe." (Compl at 2.) Plaintiffs provided a copy of Keith's Injured Spouse form to Defendant with their 2015 Oregon income tax return. (*Id.*; *see also* Ptf's Resp at 1.) Plaintiffs assert that Tamarah "has not worked since 1990, she incurred this debt in 1984[,]" and Plaintiffs married in 1991. (Ptf's Resp at 1.) "Since 2001, [Keith has] received 100% of [his] federal tax return due to the collection laws and guidelines for federal offset." (*Id.*) Defendant has "honored [Keith's] injured spouse claim for the last 14 years." (Compl at 2.)

In 2015, Defendant entered into a reciprocal agreement with the U.S. Department of Treasury "to facilitate the offset of state payments to pay federal debts and vice versa." (Def's Mot at 2, (citing Cridge Decl at 1, ¶¶1-2; Ex A).) The agreement states, in part, that "[t]he offset

of the State payments to collect delinquent Federal nontax debts shall be conducted in accordance with 31 CFR § 285.6 and [ORS] § 305.612." (Def's Ex A at 5.) The agreement provides that,

> "[i]f, after the State reduces a payment to satisfy an offset, the State determines that the debtor was never entitled to the payment, the State could net the amount to the collection cycle in which the reversal occurs or elect to have Fiscal Service deposit the reversal amount into its designated bank account via electronic funds transfer (EFT)."

(*Id.* at 6.) By its terms, the agreement is not "intended to conflict with Federal law or Oregon state law" and "Oregon is not required to take any action inconsistent with state law." (*Id.* at 7.)

## II. ANALYSIS

The ultimate issue presented is whether Keith is entitled to the refund claimed on Plaintiffs' joint 2015 Oregon income tax return. Defendant disputes the court's jurisdiction over Plaintiffs' claim. (*See* Def's Mot at 3.)

The issues raised in this case are similar to those raised in *Xuejun J. Smith v. Department of Revenue*, TC–MD 160196N, decided this day. As held in *Smith*, this court has jurisdiction over cases arising out of Defendant's obligation under ORS 314.415(1) to refund excess tax paid.[3] Furthermore, a taxpayer filing a joint return has a separate property interest in his or her share of a joint tax refund. Defendant owes each joint filer a refund of his or her excess tax paid, even though no allocation is made where neither spouse requests one. *See e.g. Smith*. ORS 314.415(7) empowers Defendant to make separate refunds upon request.

Here, as in *Smith*, one taxpayer filing a joint return — Keith — earned 100 percent of the income reported on the 2015 Oregon income tax return and timely requested his separate refund by filing a copy of his Injured Spouse form with the return. Therefore, Keith was entitled to a

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

separate 2015 Oregon income tax refund. Notwithstanding Keith's request for a separate Oregon income tax refund, Defendant offset the refund to pay Tamarah's federal student loan debt. Defendant maintained it was obligated to offset Plaintiffs' refund pursuant to its reciprocal agreement with the U.S. Department of the Treasury and to 31 CFR section 285.6(k)(1)(i). (*See* Def's Mot at 4-5.) As the court concluded in Smith, the refund was not owed jointly to both plaintiffs; the refund at issue here was due solely to Keith. As a result, the agreement and the federal regulation do not apply. Defendant erroneously offset Keith's 2015 Oregon income tax refund to pay Tamarah's debt.[4] Tamarah was never entitled to the refund shown on Plaintiffs' joint 2015 Oregon income tax return.

### III. CONCLUSION

Upon careful consideration, the court concludes that Keith was entitled to 100 percent of Plaintiffs' claimed 2015 Oregon income tax refund. Keith's refund was not subject to offset under Defendant's reciprocal agreement with the U.S. Treasury Department. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] The outcome here might be different if Plaintiff had not timely requested a separate refund. ORS 314.415(7) conditions Defendant's authority to make separate refunds on receiving a request from either spouse.

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Plaintiffs' appeal is granted.

IT IS FURTHER DECIDED that Plaintiffs' request for costs and disbursements in the amount of $252 is granted.

Dated this ____ day of February 2017.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 24, 2017.*